## NATIONAL LABOR RELATIONS BOARD v. ELVINE KNITTING MILLS, Inc.

### No. 14.

Circuit Court of Appeals, Second Circuit.

Oct. 26, 1943.

634

James C. Paradise, Atty., National Labor Relations Board, of New York City (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, and Howard Lichtenstein, Asst. Gen. Counsel, and David Findling, Robert Todd McKinlay, Maurice R. Kraines, and Millard Cass, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Herbert Kaufman, of New York City, for respondent.

Irving Sweet, of New York City (Sweet & Sweet and Samuel Sweet, all of New York City, on the brief), for Elvine Employees Association, intervenor.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

■ The Board's order against respondent herein was based upon findings that respondent dominated and interfered with the administration of an employees' association and contributed financial and other support to it and thereby, and by expressing opposition to a local union affiliated with a national organization, restrained and coerced its employees in violation of § 8(2) and (1) of the National Labor Relations Act, 29 U.S.C.A. § 158 (2 and 1), respectively. Since we find there was substantial evidence to support these findings, the Board's rehearsal of the testimony, as set forth in its decision, 43 N. L.R.B. 695, need not be reiterated here. There was evidence that supervisory employees of respondent (shown to be such by, among other things, the testimony of respondent's president) interfered with the operation of the employees' association, that the president gave substantial financial support to it, and that it generally was ineffective and dominated by respondent's point of view; further that the president in an address to the employees, after receiving the union's request for recognition, made a speech to all the employees which was coercive, and that the activities of the supervisory employees were of the same nature. Under the circumstances opposition to the enforcement petition was not justified.

■ In a supplemental brief respondent asserted that the Board's petition was barred by reason of a statute passed after the petition was filed in this court. Labor-Federal Security Appropriation Act, 1944, Act of July 12, 1943, c. 221, Public No. 135, Tit. IV, 78th Cong., 1st Sess., 57 Stat. 515, providing: "No part of the funds appropriated in this title shall be used in any way in connection with a complaint case arising over an agreement between management and labor which has been in existence for three months or longer without complaint being filed." The Board quotes a ruling which it has received from the Comptroller General that this restriction does not apply to a case such as this already in the appellate court, and it further asserts that the present is properly not a case involving a labor agreement of the kind described in the statute. More broadly still it asserts that such a claim is not within our powers of review, under § 10(e) of the Act, 29 U.S.C.A. § 160(e), or one that respondent may raise, under Alabama Power Co. v. Ickes, 302 U.S. 464, 478–480, 58 S.Ct. 300, 82 L.Ed. 374, and other cases —contentions which we understand respondent substantially conceded at the argument and with which we agree.

The petition is granted.